UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY GOODS, | No. 2:14-cv-02580 KJN P |
| Plaintiff, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| JEFFERY McCUMBER, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding without counsel. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and has applied to proceed in forma pauperis. Plaintiff's motion for a temporary restraining order is presently before the court. For the reasons set forth below, the undersigned recommends that plaintiff's motion be granted.

I. Background

This action commenced on November 4, 2014. (ECF No. 1.) Plaintiff alleges in his complaint that his deadline for submitting a habeas corpus petition to the California Supreme Court is November 25, 2014. He further alleges that prison officials have repeatedly refused to allow him to make copies longer than 50 pages, and also refused to let him to copy his petition in piecemeal increments. As a result, plaintiff has been unable to make sufficient copies of his petition for filing with the state Supreme Court. The complaint seeks injunctive relief and unspecified monetary damages.

1    Together with his complaint, plaintiff filed a motion for a temporary restraining order that
2    would prevent the defendants "from denying plaintiff copying of Habeas Corpus writ of criminal
3    conviction to further his legal proceedings." (ECF No. 3 at 2.)  The moving papers provide that
4    plaintiff's petition consists of 169 pages of written documents and 200 pages of exhibits.  (Id.)  In
5    a supporting declaration, plaintiff asserts that he provided staff with a written explanation of the
6    need to make copies greater than 50 pages in length.  (ECF No. 3 at 6.)

7    II.  Legal Standard

8    Plaintiff seeks a temporary restraining order.  A temporary restraining order is an
9    extraordinary and temporary "fix" that the court may issue without notice to the adverse party if,
10   in an affidavit or verified complaint, the movant "clearly show[s] that immediate and irreparable
11   injury, loss, or damage will result to the movant before the adverse party can be heard in
12   opposition." Fed. R. Civ. P. 65(b)(1)(A).  The purpose of a temporary restraining order is to
13   preserve the status quo pending a fuller hearing.  See Fed. R. Civ. P. 65.  It is the practice of this
14   district to construe a motion for temporary restraining order as a motion for preliminary
15   injunction.  Local Rule 231(a); see also Aiello v. OneWest Bank, No. 2:10-cv-0227-GEB-EFB,
16   2010 WL 406092 at *1 (E.D. Cal. Jan. 29, 2010) ("Temporary restraining orders are governed by
17   the same standard applicable to preliminary injunctions.") (internal quotation and citations
18   omitted).

19   The party requesting preliminary injunctive relief must show that "he is likely to succeed
20   on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that
21   the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v.
22   Natural Res. Def. Council, 555 U.S. 7, 20 (2008).  The propriety of a request for injunctive relief
23   hinges on a significant threat of irreparable injury that must be imminent in nature.  Caribbean
24   Marine Serv. Co. v. Baldridge, 844 F.2d 668, 674 (9th Cir. 1988).

25   Alternatively, under the so-called sliding scale approach, as long as the plaintiff
26   demonstrates the requisite likelihood of irreparable harm and can show that an injunction is in the
27   public interest, a preliminary injunction may issue so long as serious questions going to the merits
28   of the case are raised and the balance of hardships tips sharply in plaintiff's favor.  Alliance for

1  Wild Rockies v. Cottrell, 632 F.3d 1127, 1131-36 (9th Cir. 2011) (concluding that the "serious
2  questions" version of the sliding scale test for preliminary injunctions remains viable after
3  Winter).
4      The principal purpose of preliminary injunctive relief is to preserve the court's power to
5  render a meaningful decision after a trial on the merits. See 11A Charles Alan Wright & Arthur
6  R. Miller, Federal Practice and Procedure § 2947 (3d ed. 2014). Implicit in this required showing
7  is that the relief awarded is only temporary and there will be a full hearing on the merits of the
8  claims raised in the injunction when the action is brought to trial.
9      In cases brought by prisoners involving conditions of confinement, any preliminary
10 injunction "must be narrowly drawn, extend no further than necessary to correct the harm the
11 court finds requires preliminary relief, and be the least intrusive means necessary to correct the
12 harm." 18 U.S.C. § 3626(a)(2).
13 III. Analysis
14     A. Likelihood of success on the merits
15     In order to qualify for preliminary injunctive relief, plaintiff must first demonstrate a
16 likelihood that he will succeed on the merits of his claim.
17     Prisoners have a constitutionally-protected right of meaningful access to the courts.
18 Bounds v. Smith, 430 U.S. 817, 821 (1977). This right encompasses the use of a copier to
19 prepare legal filings. See Allen v. Sakai, 48 F.3d 1082, 1089 (9th Cir. 1994) ("[I]t does not
20 require sophisticated 'legal scholarship' to know that a plaintiff's access to the courts could be
21 hindered seriously by an inability to make multiple, accurate copies of legal documents."); Gluth
22 v. Kangas, 951 F.2d 1504, 1510 (9th Cir. 1991) ("Litigation necessarily requires some means of
23 accurate duplication because the court and the parties need to refer to the same documents.
24 Photocopying is a reasonable means of providing the necessary copies.").
25     A prisoner claiming that his right of access to the courts has been violated must show,
26 first, that the limitations on access were unreasonable, and second, that inadequate access caused
27 actual injury. Vandelft v. Moses, 31 F.3d 794, 797 (9th Cir. 1994). The Supreme Court has
28 defined "actual injury" as "actual prejudice with respect to contemplated or existing litigation,

3

1 such as the inability to meet a filing deadline or to present a claim." Lewis v. Casey, 518 U.S.
2 343, 348 (1996).

3     Plaintiff has satisfied these requirements. The regulation that appears to apply in this
4 instance, entitled "Legal Forms and Duplicating Services," provides in pertinent part:

> A legal document to be duplicated for any inmate, including all exhibits and attachments, shall be limited to the maximum number of pages needed for the filing, not to exceed 50 pages in total length, except when necessary to advance litigation. The inmate shall provide to designated staff a written explanation of the need for excess document length.

8 Cal. Code Regs. Tit. 15, § 3162(c) (2014) (emphasis added).[1] Plaintiff has stated that his petition
9 is 169 pages in length, with an additional 200 pages of exhibits.[2] He avers that he provided
10 prison staff with a written explanation of why he needed to make more than 50 pages of copies, as
11 required by the quoted regulation. Further, the applicable California Rule of Court, entitled
12 "Habeas corpus proceedings," provides that, absent a showing of good cause, habeas corpus
13 petitions must be filed on California Judicial Council form MC-275.[3] Cal. R. Ct. 4.551(a). That
14 form, in turn, provides: "If you are filing this petition in the California Supreme Court, file the
15 original and 10 copies of the petition, and if separately bound, an original and 2 copies of any
16 supporting documents."

17     It appears that -- given plaintiff's compliance with the procedures in the quoted regulation,
18 the length of plaintiff's petition, and the state Supreme Court's requirement that petitioners file
19 multiple copies -- for defendants to continue to limit plaintiff's ability to make the necessary
20 copies is unreasonable. Vandelft, 31 F.3d at 797. Moreover, plaintiff alleges a filing deadline of

---

[1] Cal. Dep't of Corr. and Rehab. Operations Manual § 101120.15 similarly provides: "A legal document to be duplicated for any inmate, including all exhibits and attachments, shall be limited to the maximum number of pages needed for the filing, not to exceed 50 pages in total length. Inmates requesting copy services must clearly identify the pages to be copied. Requests by an inmate to duplicate a legal document exceeding 50 pages in length shall be granted when accompanied by a reasonable written explanation of the need."

[2] In the court's experience, habeas corpus petitions of this length are not uncommon.

[3] "The California Rules of Court have the force of statute to the extent that they are not inconsistent with legislative enactments and constitutional provisions." Silverbrand v. Cnty. of Los Angeles, 46 Cal. 4th 106, 125 (2009) (internal quotation and citation omitted).

1  November 25, 2014 -- less than three weeks from the date this order will issue.  It is unclear how
2  plaintiff will meet this deadline unless he is able to make the requested copies.  Accordingly,
3  plaintiff has demonstrated "actual prejudice with respect to contemplated . . . litigation[.]"  Lewis,
4  518 U.S. at 348.

5  Based on this analysis, plaintiff has shown a sufficient likelihood of success on the merits
6  to justify the requested injunctive relief.

7  B.  Likelihood of irreparable harm absent preliminary relief

8  Plaintiff must next demonstrate that "irreparable injury is *likely* in the absence of [the
9  requested] injunction."  Winter, 555 U.S. at 22 (emphasis in original).

10  If plaintiff were denied the ability to make the requested copies, it appears that his only
11  option would be to file a single copy of an incomplete, 50-page-long habeas corpus petition with
12  the California Supreme Court.  Under such a scenario, there exists a substantial risk that the state
13  Supreme Court might reject the petition due to plaintiff's failure to file the requisite number of
14  copies.  And even if plaintiff could demonstrate good cause for not complying with the stated
15  requirements, and the incomplete petition were accepted for filing, petitioner would have been
16  deprived of his ability to present his argument in full.  Under the first scenario, plaintiff's petition
17  would certainly be denied; under the second, it would likely be denied.  In other words,
18  irreparable injury, whether due to a rejected or incomplete petition, is quite likely absent the
19  requested relief.  While there is some chance that the California Supreme Court might, of its own
20  accord, order prison officials to allow plaintiff to make the necessary copies, such a possibility
21  merely begs the question of why this court would not order the necessary relief in the first place.
22  Doing so would both avoid a foreseeable harm and avoid taxing scarce judicial resources at the
23  state level.

24  Absent the requested relief, plaintiff will be unable to timely file a complete habeas
25  petition that accords with the state's requirements.  Further, it is unclear that he would be able to
26  rectify any deficiencies in the petition in the future.  Under these circumstances, the court finds
27  that petitioner has demonstrated a likelihood of irreparable harm absent the requested relief.
28  ////

### C. Balance of equities

The court must next balance the equities by weighing the harm that the requested relief might cause the defendant against plaintiff's threatened injury.

The court is conscious that state prisons have limited resources available to devote to making copies in support of inmate litigation. Filings can be voluminous and require significant staff time, to say nothing of the costs of supplies and maintenance. But these considerations are trumped by plaintiff's right of access to the courts. As the Supreme Court has held, "the tools . . . require[d] to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement." Lewis, 518 U.S. at 355. Plaintiff has demonstrated that he needs more than fifty pages of copies in order to collaterally attack his sentence. The prison's interest in conserving scarce resources is therefore outweighed by the plaintiff's probable inability to timely file a complete habeas petition.

Accordingly, the balance of the equities involved tilts in plaintiff's favor.

### D. Public interest

Finally, the court must consider the competing public interests implicated by the requested injunction.

As the Supreme Court has noted, "In the necessarily closed environment of the correctional institution, few changes will have no ramifications on the liberty of others or on the use of the prison's limited resources . . . ." Turner v. Safley, 482 U.S. 78, 90 (1987). Further:

> [T]he problems that arise in the day-to-day operation of a corrections facility are not susceptible of easy solutions. Prison administrators therefore should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and maintain institutional security.

Bell v. Wolfish, 441 U.S. 520, 547 (1979).

These considerations are nevertheless trumped by plaintiff's right of access to the courts, particularly in the context of a habeas corpus petition. "When any inmate . . . shows that an actionable claim [challenging a sentence or conditions of confinement] which he desired to bring has been lost or rejected, or that the presentation of such a claim is currently being prevented, because this capability of filing suit has not been provided, he demonstrates that the State has

failed" to meet its constitutional requirements.

Despite the significant deference owed by the courts to prison officials, this deference is trumped by the public interest in allowing inmates, such as plaintiff, to challenge their sentences under a writ of habeas corpus.

V. <u>Conclusion</u>

For the reasons set forth above, the court finds that injunctive relief is warranted. The court further finds that an order requiring prison officials to make only as many copies of plaintiff's petition, the exhibits thereto, and any accompanying forms (such as California Judicial Council form MC-275) as are required to (i) file a complete petition for habeas corpus with the California Supreme Court, and (ii) ensure that plaintiff has one complete copy of the filing is "narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right," as required by 18 U.S.C. § 3626(a)(1).

The court does not find it necessary to grant plaintiff's application to enjoin defendants to permit him to make any copies necessary to file a habeas corpus petition with the federal district court. Until such time as the California Supreme Court rules on plaintiff's petition, the need to file such a petition is merely speculative, as is any assumption that defendants will deny plaintiff the ability to make necessary copies at such time.

IT IS HEREBY ORDERED that the Clerk of the Court is directed to (a) assign a district judge to this case; and (b) serve a copy of this Order on the Warden of California State Prison – Sacramento and on Monica Anderson, Supervising Deputy Attorney General, California Department of Justice.

IT IS RECOMMENDED that:

1. Plaintiff's motion (ECF No. 3) be partially granted;
2. Defendants be directed to provide plaintiff with as many copies of his petition for habeas corpus relief, exhibits thereto, and accompanying forms as are required to make a complete submission with the California Supreme Court in sufficient time to allow plaintiff to meet the filing deadline of November 25, 2014; and

3. Defendants be directed to provide plaintiff with one (1) additional copy of his petition for habeas corpus relief, exhibits thereto, and accompanying forms.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **seven** days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: November 6, 2014

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/good2580.tro