UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY GOODS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>JEFFERY McCUMBER, et al.,<br><br>　　　　　Defendants. | No. 2:14-cv-02580 TLN KJN P<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding without counsel. He seeks relief pursuant to 42 U.S.C. § 1983, and has applied to proceed in forma pauperis. Plaintiff's complaint is presently before the court. After careful review, for the reasons set forth below, the undersigned recommends that the complaint be dismissed without leave to amend.

I. Background

On November 4, 2014, plaintiff filed a complaint alleging civil rights violations by prison officials. (ECF No. 1.) According to the complaint, plaintiff's deadline for submitting a habeas corpus petition to the California Supreme Court was November 25, 2014. He alleges therein that prison officials repeatedly refused to allow him to make copies longer than 50 pages, and also refused to let him to copy his petition in piecemeal increments. As a result, plaintiff claimed an inability to make sufficient copies of his petition for timely filing with the state Supreme Court. The complaint sought injunctive relief and unspecified monetary damages.

Together with his complaint, plaintiff filed a motion for a temporary restraining order that would prevent the defendants "from denying plaintiff copying of Habeas Corpus writ of criminal conviction to further his legal proceedings." (ECF No. 3 at 2.) According to the moving papers, plaintiff's petition consisted of 169 pages of written documents and 200 pages of exhibits. (Id.) In a supporting declaration, plaintiff asserted that he provided staff with a written explanation of the need to make copies greater than 50 pages in length, to no avail. (ECF No. 3 at 6.)

On November 6, 2014, the undersigned issued findings and recommendations recommending, in pertinent part, that defendants be ordered to provide plaintiff with sufficient copies of his petition for a writ of habeas corpus to make a timely and complete submission with the California Supreme Court. (ECF No. 5.) On November 14, 2014, these findings and recommendations were adopted in full by the Hon. Troy L. Nunley. (ECF No. 6.) That same day, Supervising Deputy Attorney General Monica N. Anderson filed a statement with the court providing that "the Defendants made two copies of the Plaintiff's petition and accompanying exhibits," and furnished him with these copies on November 10, 2014. (ECF No. 7.)

II. Legal Standard

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

////

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

III. Analysis

Prisoners have a constitutionally-protected right of meaningful access to the courts. Bounds v. Smith, 430 U.S. 817, 821 (1977). Copier access serves as a means of ensuring this right. See Allen v. Sakai, 48 F.3d 1082, 1089 (9th Cir. 1994) ("[I]t does not require sophisticated 'legal scholarship' to know that a plaintiff's access to the courts could be hindered seriously by an inability to make multiple, accurate copies of legal documents."); Gluth v. Kangas, 951 F.2d 1504, 1510 (9th Cir. 1991) ("Litigation necessarily requires some means of accurate duplication because the court and the parties need to refer to the same documents. Photocopying is a reasonable means of providing the necessary copies.").

A prisoner claiming that his right of access to the courts has been violated must show, first, that the limitations on access were unreasonable, and second, that inadequate access caused actual injury. Vandelft v. Moses, 31 F.3d 794, 797 (9th Cir. 1994). The Supreme Court has defined "actual injury" as "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." Lewis v. Casey, 518 U.S. 343, 348 (1996).

As, based on the filing of Supervising Deputy Attorney General Anderson, it appears that plaintiff has been provided with copies necessary to file a petition for a writ of habeas corpus with the California Supreme Court, he can no longer demonstrate that defendants have caused him actual injury. Lewis, 518 U.S. at 348. Accordingly, his claim for injunctive relief is moot.

As for plaintiff's claim for monetary damages, it is barred by Heck v. Humphrey, 512 U.S. 477 (1994).  Plaintiff's complaint sounds in denial of access to the courts, and ultimately, an inability to challenge the legality of his confinement.  Per the U.S. Supreme Court:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.  A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.

Id., 512 U.S. at 486-87 (emphasis in original).  In Hoard v. Reddy, 175 F.3d 531 (7th Cir. 1999), Judge Posner discussed the intersection of Heck and Lewis as follows:

> To get damages you must prove you lost something of monetizable value; but this is not required for an injunction—indeed, the inadequacy of one's damages remedy is normally a prerequisite to injunctive relief.  If a prisoner whose access to the courts is being blocked in violation of the Constitution cannot prove that, had it not been for the blockage, he would have won his case or at least settled it for more than $0 (the point emphasized in Lewis[, 518 U.S. at 348]), he cannot get damages but he can get an injunction.  In a case such as Heck, where the prisoner is complaining about being hindered in his efforts to get his conviction set aside, the hindrance is of no consequence if the conviction was valid, and so he cannot get damages until the conviction is invalidated.  But suppose that he is complaining instead about being hindered in his efforts to rectify illegal prison conditions.  Since it is well known (and emphasized in both Lewis and Walters[v. Edgar, 163 F.3d 430 (7th Cir. 1998)]) that colorable claims have a settlement value, the prisoner may be able to show that had he not been hindered in prosecuting his claim he might have gotten some money for it, even if it wasn't a sure winner.  He has to show that the claim was colorable and so had some value in the litigation market but he does not have to establish the validity (as distinct from colorableness) of the claim as a precondition to obtaining damages.  In the setting of Heck, there is nothing corresponding to a colorable claim; either the conviction was invalid, in which case the defendant suffered a legally cognizable harm, or it is not and he did not.

Id. at 533-34.

The reasoning of Hoard applies to the present case.  Plaintiff's petition for a writ of habeas corpus is as yet pending in the courts, so it remains to be determined whether he has lost something of monetary value for which he can recover damages.  Moreover, even if defendants were previously hindering plaintiff's right of access to the courts, such is no longer the case.  As the petition can proceed to be decided on the merits, there is no apparent scenario under which defendants' alleged prior delays could or would prevent plaintiff from receiving habeas relief.

4

Accordingly, it appears that Heck, 512 U.S. at 477, bars monetary relief against defendants for the actions alleged in plaintiff's complaint, and therefore, that amendment would be futile.

V. Conclusion

For the reasons set forth above, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's complaint (ECF No. 1) be dismissed with prejudice, with the proviso that this dismissal shall not act as a bar to plaintiff filing a petition for writ of habeas corpus at the federal level once he properly exhausts State collateral review with respect to the judgment or claim he is challenging at the California Supreme Court.
2. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) be denied as moot.
3. This case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  December 9, 2014

good2580.dism

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE