UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY GOODS, | No. 2:14-cv-02580 TLN KJN P |
| Plaintiff, | |
| v. | ORDER |
| JEFFERY McCUMBER, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding without counsel. He seeks relief pursuant to 42 U.S.C. § 1983, and has applied to proceed in forma pauperis. This matter is before the court because, based on plaintiff's recent filings, it appears that defendants may not have complied with the court's prior orders herein.

On November 4, 2014, plaintiff filed a complaint alleging civil rights violations by prison officials. (ECF No. 1.) According to the complaint, plaintiff's deadline for submitting a habeas corpus petition to the California Supreme Court was November 25, 2014. He alleges therein that prison officials repeatedly refused to allow him to make copies longer than 50 pages, and also refused to let him to copy his petition in piecemeal increments. As a result, plaintiff claimed an inability to make sufficient copies of his petition for timely filing with the state Supreme Court. The complaint sought injunctive relief and unspecified monetary damages.

////

Together with his complaint, plaintiff filed a motion for a temporary restraining order that would prevent the defendants "from denying plaintiff copying of Habeas Corpus writ of criminal conviction to further his legal proceedings." (ECF No. 3 at 2.) According to the moving papers, plaintiff's petition consisted of 169 pages of written documents and 200 pages of exhibits. (Id.) In a supporting declaration, plaintiff asserted that he provided staff with a written explanation of the need to make copies greater than 50 pages in length, to no avail. (ECF No. 3 at 6.)

On November 6, 2014, the undersigned issued findings and recommendations recommending, in pertinent part, that defendants be ordered to provide plaintiff with sufficient copies of his petition for a writ of habeas corpus to make a timely and complete submission with the California Supreme Court. (ECF No. 5.) On November 14, 2014, these findings and recommendations were adopted in full by the Hon. Troy L. Nunley. (ECF No. 6.) That same day, Supervising Deputy Attorney General Monica N. Anderson filed a statement with the court providing that "the Defendants made two copies of the Plaintiff's petition and accompanying exhibits," and furnished him with these copies on November 10, 2014. (ECF No. 7.)

On December 9, 2014, the undersigned filed findings and recommendations recommending that this action be dismissed with prejudice, on the grounds that it appeared (i) based on the filing of Supervising Deputy Attorney General Anderson, that plaintiff had been provided with copies necessary to file a petition for a writ of habeas corpus with the California Supreme Court, rendering his claim for injunctive relief moot, and (ii) that plaintiff's claim for monetary damages was barred by Heck v. Humphrey, 512 U.S. 477 (1994). (ECF No. 8.) Plaintiff was given fourteen days to file and serve written objections to the findings and recommendations.

On December 15, 2014, plaintiff filed a document, entitled "Notice of Noncompliance by CDCR with regard to Injunction of Copy Issue of Legal papers." (ECF No. 9.) In it, plaintiff states that he was "not given . . . required copies for the Cal. State Supreme Court . . . ." (Id. at 1.) Plaintiff also attached a copy of a document, entitled "Operations Manual," which appears to show that an original and 14 copies of a petition for writ of habeas corpus are required for filing with the California Supreme Court. (Id. at 2.)

2

On December 22, 1014, plaintiff filed objections to the findings and recommendations reiterating his contention that he was not provided sufficient copies to file a petition for writ of habeas corpus with the California Supreme Court.  (ECF No. 10.)

In light of the foregoing, IT IS HEREBY ORDERED that

1. The findings and recommendations filed on December 9, 2014 (ECF No. 8) are vacated; and

2. Defendants are directed to file and serve one or more declarations addressing (i) whether defendant was provided with sufficient copies of his petition for a writ of habeas corpus to make a timely and complete submission with the California Supreme Court, as ordered by the court on November 14, 2014, and if he was not so provided, (ii) the reasons for the omission, and (iii) what steps defendants are taking to ensure that plaintiff can make a proper filing with the California Supreme Court, particularly in light of the fact that it appears plaintiff has missed his filing deadline.  These declarations must be filed with the court and served on defendant no later than January 12, 2015, at 4:30 p.m.

Dated:  January 5, 2015

/good2580.vac.fr

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

3