UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY GOODS,<br><br>        Plaintiff,<br><br>   v.<br><br>JEFFERY MCCUMBER, et al.,<br><br>        Defendants. | No.  2:14-cv-2580 TLN KJN P<br><br><br>ORDER |

   Plaintiff is a state prisoner, proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

   Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

   Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

By order filed January 5, 2015, defendants were directed to respond to plaintiff's objections concerning the copies provided pursuant to the court's prior order.  However, such order was not served on defendants, and a copy was not served on the Deputy Attorney General who specially appeared in response to the court's last order.  Accordingly, paragraph two of the January 5, 2015 order (ECF No. 11 at 3:7-15) is vacated.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations

2

sufficient "to raise a right to relief above the speculative level." Id.  However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic Corp., 550 U.S. at 555) (citations and internal quotations marks omitted). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, id., and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overrruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

Plaintiff was convicted in 2011 in the Los Angeles County Superior Court.  On March 2, 2011, plaintiff's conviction was affirmed, as modified to provide him with an additional day of custody credit to his sentence. People v. Goods, No. B218405, 2011 WL 711907 (Cal. App. 2 Dist. 2011).

In his motion for injunctive relief herein, plaintiff noted that his habeas petition is 169 pages, with 200 pages of exhibits, and claimed he needed to file the 369 page filing in the California Supreme Court by November 25, 2014.  (ECF No. 3.)  The court granted this motion. (ECF No. 6.)  The court was then informed that plaintiff was provided two copies of the petition and the exhibits.  (ECF No. 7.)

In his complaint, plaintiff asserts that defendants' failure to photocopy his petition and exhibits for filing in the California Supreme Court interfered with his access to the courts because he has "been admonished by the courts for not submitting the writ in its entirety which is the result of not having legal documents copied in their entirety." (ECF No. 1 at 5.)  Plaintiff does not identify "the courts" to which he refers.  Plaintiff does not state that he has attempted to file his petition in the California Supreme Court, even without the additional copies.  Plaintiff provides no order or memorandum from the California Supreme Court stating that his habeas filing was refused.  Arguably, it is within the domain of the California Supreme Court to determine whether pro se prisoners must file fourteen copies of a lengthy pro se petition, as plaintiff claims, or whether the California Supreme Court has discretion to accept fewer copies, particularly from a pro se prisoner with limited resources and limited access to photocopying

3

services. Moreover, the undersigned cannot determine at screening whether plaintiff was required to file such a lengthy petition to pursue his collateral attack in the California Supreme Court.

However, in an abundance of caution, given plaintiff's asserted inability to timely file his petition with the California Supreme Court,[1] the court will direct the supervising deputy attorney general to respond to plaintiff's claim that he cannot file his petition for writ of habeas corpus in the California Supreme Court because he needs fourteen copies and was only provided two copies.[2]

The court turns now to screening plaintiff's complaint. Plaintiff is housed in the California State Prison, Sacramento. (ECF No. 1.) Plaintiff asserts that defendants Kemp, Bradford, Triche, and Dennehy, all law librarians at A, B & C Facilities, refused to copy plaintiff's petition for writ of habeas corpus and appended exhibits because the proposed filing exceeded fifty pages. Although named as defendants, plaintiff included no charging allegations as to defendants McCumber and Hamad. Defendant McCumber is identified as the warden; no identification of defendant Hamad is provided.

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978) ("Congress did not intend § 1983

---

[1] The habeas corpus statute imposes a one year statute of limitations for filing non-capital habeas corpus petitions in federal court. In most cases, the one year period will start to run on the date on which the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending. 28 U.S.C. § 2244(d).

[2] Rule 8.44(2)(A) of the California Rules of Court appears to require ten paper copies of a petition for writ of habeas corpus filed in the California Supreme Court.

liability to attach where . . . causation [is] absent."); Rizzo v. Goode, 423 U.S. 362 (1976) (no affirmative link between the incidents of police misconduct and the adoption of any plan or policy demonstrating their authorization or approval of such misconduct).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of  § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979) (no liability where there is no allegation of personal participation); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978) (no liability where there is no evidence of personal participation), cert. denied, 442 U.S. 941 (1979).  Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (complaint devoid of specific factual allegations of personal participation is insufficient).

The court has reviewed plaintiff's complaint and, for the limited purposes of § 1915A screening, finds that it states a potentially cognizable claim against defendants Kemp, Bradford, Triche, and Dennehy.  See 28 U.S.C. § 1915A.  If the allegations of the complaint are proven, plaintiff has a reasonable opportunity to prevail on the merits of this action.

However, because plaintiff fails to include charging allegations as to defendants McCumber and Hamad, the court finds that the complaint does not state a cognizable claim against these remaining defendants.  The claims against those defendants are hereby dismissed with leave to amend.

Plaintiff may proceed forthwith to serve defendants Kemp, Bradford, Triche, and Dennehy, and pursue his claims against only these four defendants, or he may delay serving any defendant and attempt to state a cognizable claim against defendants McCumber and Hamad.

5

If plaintiff elects to attempt to amend his complaint to state a cognizable claim against the remaining defendants, he has thirty days so to do. He is not obligated to amend his complaint.

If plaintiff elects to proceed forthwith against defendants Kemp, Bradford, Triche, and Dennehy, against whom he has stated a potentially cognizable claim for relief, then within thirty days he must return materials for service of process enclosed herewith. In this event the court will construe plaintiff's election as consent to dismissal of all claims against defendants McCumber and Hamad without prejudice.

Plaintiff is advised that in an amended complaint he must clearly identify each defendant and the action that defendant took that violated his constitutional rights. The court is not required to review exhibits to determine what plaintiff's charging allegations are as to each named defendant. The charging allegations must be set forth in the amended complaint so defendants have fair notice of the claims plaintiff is presenting.

Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true. It must contain a request for particular relief. Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). If plaintiff contends he was the victim of a conspiracy, he must identify the participants and allege their agreement to deprive him of a specific federal constitutional right.

In an amended complaint, the allegations must be set forth in numbered paragraphs. Fed. R. Civ. P. 10(b). Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs. Fed. R. Civ. P. 10(b).

A district court must construe a pro se pleading "liberally" to determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an opportunity to cure them. See Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000). While

detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft, 129 S. Ct. at 1949 (quoting Bell Atlantic Corp., 550 U.S. at 570).

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft, 129 S. Ct. at 1949 (citations and quotation marks omitted).  Although legal conclusions can provide the framework of a complaint, they must be supported by factual allegations, and are not entitled to the assumption of truth. Id. at 1950.

An amended complaint must be complete in itself without reference to any prior pleading. Local Rule 15-220; see Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading is superseded.

By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations, and for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others. Fed. R. Civ. P. 11.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

////

3. Claims against defendants McCumber and Hamad are dismissed with leave to amend. Within thirty days of service of this order, plaintiff may amend his complaint to attempt to state cognizable claims against these defendants. Plaintiff is not obliged to amend his complaint.

4. The allegations in the pleading are sufficient to state a potentially cognizable claim against defendants Kemp, Bradford, Triche, and Dennehy. See 28 U.S.C. § 1915A. With this order, the Clerk of the Court shall provide to plaintiff a blank summons, a copy of the pleading filed November 4, 2014, and four USM-285 form and instructions for service of process on defendants Kemp, Bradford, Triche, and Dennehy. Within thirty days of service of this order plaintiff shall return the attached Notice of Submission of Documents with the completed summons, the completed USM-285 forms, and five copies of the endorsed complaint filed November 4, 2014. The court will transmit them to the United States Marshal for service of process pursuant to Fed. R. Civ. P. 4. Defendants Kemp, Bradford, Triche, and Dennehy will be required to respond to plaintiff's allegations within the deadlines stated in Fed. R. Civ. P. 12(a)(1). In this event, the court will construe plaintiff's election to proceed forthwith as consent to an order dismissing his defective claims against defendants McCumber and Hamad without prejudice.

5. Failure to comply with this order will result in a recommendation that this action be dismissed.

6. Plaintiff need not attempt service on defendants and need not request waiver of service. Upon receipt of the above-described documents, the court will direct the United States Marshal to serve the above-named defendants pursuant to Federal Rule of Civil Procedure 4 without payment of costs.

7. Paragraph two of the January 5, 2015 order (ECF No. 11 at 3:7-15) is vacated.

8. Within twenty-one days, Supervising Deputy Attorney General Monica Anderson shall file a response to plaintiff's contention that he cannot file his petition for writ of habeas corpus in the California Supreme Court because he needs fourteen copies and was only provided two copies.

////

9. The Clerk of the Court is directed to send a copy of this order to Monica Anderson, Supervising Deputy Attorney General.

Dated: January 23, 2015

/good2580.1

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY GOODS,<br><br>        Plaintiff,<br><br>   v.<br><br>JEFFERY McCUMBER, et al.,<br><br>        Defendants. | No.  2:14-cv-2580 TLN KJN P<br><br>NOTICE OF SUBMISSION OR AMENDMENT |

      Plaintiff submits the following documents in compliance with the court's order filed
_____:

    \_\_\_\_         completed summons form

    \_\_\_\_         completed USM-285 forms

    \_\_\_\_         copies of the _____
                                  Complaint

    _____  Plaintiff consents to the dismissal of defendants McCumber and Hamad without prejudice.

        OR

    \_\_\_\_\_  Plaintiff opts to file an amended complaint and delay service of process.

DATED:

                                                  _____
                                                  Plaintiff

1