UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY GOODS,<br><br>            Plaintiff,<br><br>    v.<br><br>JEFFERY McCUMBER, et al.,<br><br>            Defendants. | No. 2:14-cv-2580 TLN KJN P<br><br><br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

I. Introduction

    Plaintiff is a state prisoner, who proceeds without counsel and in forma pauperis, in this civil rights action filed under 42 U.S.C. § 1983. This case proceeds on plaintiff's second amended complaint alleging First Amendment claims against defendants Bradford, Dennehy, Hamad, Kemp, and Triche. Presently pending is the motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) filed by defendants Bradford, Dennehy, Hamad, and Triche.[1] Defendants argue that plaintiff's "backwards looking" access to court claim is inadequate, that it is clear from the face of judicially noticeable records that defendants' actions did not cause the court to deny plaintiff's petition for writ of habeas corpus, and because defendants did not violate

---

[1] Service of process on defendant Kemp was returned unexecuted, and defendant Kemp has not been served with process. However, as explained below, defendant Kemp is also entitled to dismissal.

1

plaintiff's constitutional rights, they are also entitled to qualified immunity. For the reasons that follow, the undersigned recommends that defendants' motion to dismiss be granted.

II. The Verified Second Amended Complaint

While housed at California State Prison, Sacramento ("CSP-SAC"), plaintiff alleges that on October 13, 2012, defendant Kemp (C-facility librarian) refused to photocopy plaintiff's writ of habeas corpus because it exceeded the 50-page limit imposed by the California Department of Corrections and Rehabilitation ("CDCR"). (ECF No. 22 at 4.) Plaintiff then asked defendant Kemp to photocopy the writ in 50-page increments, but defendant Kemp refused because the legal document would not be complete. On October 25, 2012, plaintiff again attempted to obtain a photocopy, but defendant Kemp refused. Between February 1, 2013, and March 1, 2013, defendant Bradford (A-Facility librarian) also refused to make copies of plaintiff's writ because it exceeded 50 pages. Between July 23, 2013, and August 2013, defendant Triche (A-Facility librarian) refused to make copies of plaintiff's writ because it exceeded 50 pages, and also refused plaintiff's request to photocopy the writ in 50 page increments. On August 27, 2014, defendant Dennehy (B-facility librarian) refused to make copies of plaintiff's writ because plaintiff provided an incomplete copy of the writ.

Plaintiff alleges that although defendant Hamad (the head librarian) knew that defendants Triche, Bradford, Dennehy, and Kemp interfered with plaintiff's access to the courts, Hamad ignored plaintiff's written explanation for his need for more than 50 pages of photocopies. On January 6, 2015, a non-party library clerk refused to make a copy of plaintiff's writ despite plaintiff providing a copy of a court order requiring the librarian to do so.

On May 13, 2013, plaintiff filed an inmate appeal informing the CSP-SAC warden that the CDCR's 50-page photocopy limit was interfering with plaintiff's access to the court. On July 3, 2013, nonparty former Warden Virga denied plaintiff's appeal. On November 17, 2014, plaintiff submitted a CDCR 22 form to the CSP-SAC litigation coordinator and requested two copies of his writ. On November 20, 2014, the litigation office provided plaintiff with two copies of his writ. On November 23, 2014, plaintiff submitted another CDCR 22 form, complaining he had received insufficient copies. Plaintiff alleges that although the litigation office knew that

2

section 14010.21.4 of the CDCR Department Operations Manual provided for the amount of copies needed to file in the California Supreme Court, the litigation office did not respond to plaintiff's second CDCR 22.

On January 12, 2015, plaintiff submitted a CDCR 22 form to the CSP-SAC warden and it was routed to defendant Hamad that day. On January 13, 2015, plaintiff submitted another CDCR 22 form to nonparty B. Arent in the litigation office, which was later routed to defendant Hamad, again informing Hamad that CDCR's 50-page photocopy limit was preventing plaintiff from filing his writ according to statutory time lines. Plaintiff alleges he needed the photocopies to submit to the California Supreme Court by November 25, 2014, and then to the United States District Court to meet the statutory deadline after the California Supreme Court issued its ruling. Plaintiff seeks money damages.

III. Motion to Dismiss: Legal Standards

Rule 12(b)(6) of the Federal Rules of Civil Procedures provides for motions to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In considering a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must accept as true the allegations of the complaint in question, Erickson v. Pardus, 551 U.S. 89 (2007), and construe the pleading in the light most favorable to the plaintiff. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969); Meek v. County of Riverside, 183 F.3d 962, 965 (9th Cir. 1999). Still, to survive dismissal for failure to state a claim, a pro se complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Furthermore, a claim upon which the court can grant relief must have facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. Attachments to a complaint are considered to be part of the complaint for purposes of a motion to dismiss for failure to state a claim. Hal Roach Studios v. Richard Reiner & Co.,

896 F.2d 1542, 1555 n.19 (9th Cir. 1990). The court "need not accept as true allegations contradicting documents that are referenced in the complaint or that are properly subject to judicial notice." Lazy Y Ranch Ltd. V. Behrens, 546 U.S. F.3d 580, 588 (9th Cir. 2006).

A motion to dismiss for failure to state a claim should not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief. Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984). In general, pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). The court has an obligation to construe such pleadings liberally. Bretz v. Kelman, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (*en banc*). However, the court's liberal interpretation of a pro se complaint may not supply essential elements of the claim that were not pled. Ivey v. Bd. of Regents of Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982).

IV. Request for Judicial Notice

Defendants ask the court to take judicial notice of plaintiff's court filings and other court rulings under Rule 201 of the Federal Rules of Evidence. (ECF No. 52-2.)

A federal court may take judicial notice of adjudicative facts. Fed. R. Evid. 201(a)-(c). A court may also take judicial notice of court records. See MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); Lee v. City of Los Angeles, 250 F.3d 668, 689-90 (9th Cir. 2001) (court may take judicial notice of dismissal and ground therefore, but not of disputed facts therein). Proper subjects of judicial notice include "court filings and other matters of public record." Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n.6 (9th Cir. 2006); United States v. Howard, 381 F.3d 873, 876 n.1 (9th Cir. 2004); Fed. R. Evid. 201(b)(2).

Good cause appearing, the court takes judicial notice of the following documents:

A. Plaintiff's Request for Enlargement of Time to File a Writ. On July 23, 2015, under the mailbox rule, plaintiff filed a request for extension of time to file a petition for writ of habeas corpus in the Central District of California in Goods v. Warden, No. cv-15-05669 JBG (AGR). (ECF No. 52-2 at 5-7.)

B. Order Dismissing Plaintiff's Request without Prejudice. On August 24, 2015, plaintiff's filing was denied without prejudice in No. cv-15-05669 JGB (AGR) because plaintiff

4

had not filed a habeas corpus petition. (ECF No. 52-2 at 11-12.)

   C. <u>Plaintiff's *Ex Parte* Communication.</u> On November 22, 2015, under the mailbox rule, plaintiff wrote the judge in Case No. cv-15-05669 JGB (AGR), and claimed plaintiff had shown due diligence by informing the court that CDCR staff refused to make copies of his petition. (ECF No. 52-2 at 75-77.)

   D. <u>Order denying Plaintiff's Motion in No. cv-15-05669 JGB (AGR).</u> On December 23, 2015, plaintiff's *ex parte* communication was construed as a motion for relief from judgment under Rule 60(b) of the Federal Rules of Civil Procedure and denied for the same reasons stated in the August 24, 2015 order. Plaintiff was advised he could file a petition for writ of habeas corpus without a copy. (ECF No. 52-2 at 81.)

   E. <u>Plaintiff's Federal Petition for Writ of Habeas Corpus.</u> On February 9, 2016, plaintiff filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 in <u>Goods v. Mccumber</u>, No. 2:16-00914 JGB (AGR) (Central District Cal.). (ECF No. 52-2 at 83.)

   F. <u>Order Dismissing Plaintiff's Petition for Writ of Habeas Corpus.</u> On January 20, 2017, the Central District court granted respondent's motion to dismiss plaintiff's habeas petition as barred by the statute of limitations in No. 2:16-cv-00914 JGB (SK). (ECF No. 52-2 at 134-37.) The court found that plaintiff's petition was filed four years after plaintiff's conviction became final in March of 2012, and that he failed to demonstrate that the photocopy limitation was an extraordinary circumstance that made it impossible for him to timely file within a year after his conviction became final. (ECF No. 52-2 at 134-35.) The district court stated, "While the photocopy limit may have made it more burdensome, [plaintiff] was not precluded from filing his federal petition on time because of the 50-page copy limit. Even if [plaintiff] mistakenly believed he needed to submit more than 200 pages of supporting facts and arguments – and lodge more than 350 pages of exhibits – 'a pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling.'" (ECF No. 52-2 at 137 (citation omitted).)

////

////

5

V.  State Court Proceedings[2]

Plaintiff was convicted in Los Angeles County in 2009.  People v. Goods, No. TA103770.

On March 2, 2011, plaintiff's conviction was modified to award plaintiff one additional day of presentence credit and affirmed as modified.  People v. Goods, No. B218405.

Plaintiff's petition for review was denied by the California Supreme Court on May 11, 2011.  People v. Goods, No. S191864.[3]

VI.  Legal Standards Governing Access to the Courts & Qualified Immunity

State inmates have a "fundamental constitutional right of access to the courts."  Lewis v. Casey, 518 U.S. 343, 346 (1996) (quoting Bounds v. Smith, 430 U.S. 817, 828 (1977).  Claims for denial of access to the courts may arise from the frustration or hindrance of "a litigating opportunity yet to be gained" (forward-looking access claim) or from the loss of a meritorious suit that cannot now be tried (backward-looking claim).  Christopher v. Harbury, 536 U.S. 403, 413-15 (2002).  For backward-looking claims, plaintiff "must show:  1) the loss of a 'nonfrivolous' or 'arguable' underlying claim; 2) the official acts frustrating the litigation; and 3) a remedy that may be awarded as recompense but that is not otherwise available in a future suit."  Id. at 413-14).  The right is limited to bringing complaints in direct criminal appeals, habeas petitions, and civil rights actions.  Lewis, 518 U.S. at 354.  It is not a right to discover such claims or to litigate them effectively once filed with a court.  Id.

To have standing to bring this claim, plaintiff must allege he suffered an actual injury.  Lewis, 518 U.S. at 351-52.  In other words, he must have been denied the necessary tools to litigate a nonfrivolous claim attacking a conviction, sentence, or conditions of confinement.

---

[2]  The court may take judicial notice of undisputed information posted on official websites.  Daniels-Hall v. National Education Association, 629 F.3d 992, 999 (9th Cir. 2010).  It is appropriate to take judicial notice of the docket sheet of a California court.  White v. Martel, 601 F.3d 882, 885 (9th Cir. 2010).  The address of the official website of the California state courts is www.courts.ca.gov.

[3]  The Central District court noted that plaintiff also filed 10 state habeas petitions that were pending in state courts at various times between January 2013 and May 2015, and there were several extended periods of time, ranging from approximately 70 days to approximately six months, during which there was no properly-filed state habeas petition pending.  (ECF No. 52-2 at 135 n.1.)

Harbury, 536 U.S. at 415 (citing Lewis, 518 U.S. at 353 & n.3); Lewis, 518 U.S. at 354. Plaintiff need not show that he would have been successful on the merits of his claims, only that they were not legally frivolous. Allen v. Sakai, 48 F.3d 1082, 1085 & n.12 (9th Cir. 1994). The Ninth Circuit has emphasized that

> [a] prisoner need not show, ex post, that he would have been successful on the merits had his claim been considered. To hold otherwise would permit prison officials to substitute their judgment for the courts' and to interfere with a prisoner's right to court access on the chance that the prisoner's claim would eventually be deemed frivolous.

Sakai, 48 F.3d at 1085. To properly plead a denial of access to the courts claim, "the complaint should state the underlying claim in accordance with Federal Rule of Civil Procedure 8(a), just as if it were being independently pursued, and a like plain statement should describe any remedy available under the access claim and presently unique to it." Harbury, 536 U.S. at 417-18 (footnote omitted). "Failure to show that a 'nonfrivolous legal claim has been frustrated' is fatal to [an access to courts] claim." Alvarez v. Hill, 518 F.3d 1152, 1155 n.1 (9th Cir. 2008) (quoting Lewis, 518 U.S. at 353 & n.4).

In determining whether an official is entitled to qualified immunity, courts employ a two-pronged inquiry. First, the court must consider whether the facts alleged, "[t]aken in the light most favorable to the party asserting the injury . . . show [that] the [defendant's] conduct violated a constitutional right[.]" Saucier v. Katz, 533 U.S. 194, 201 (2001), overruled on other grounds by Pearson v. Callahan, 555 U.S. 223, 236 (2009). Second, the court must determine whether the right was "clearly established in light of the specific context of the case" at the time of the events in question. Mattos v. Agarano, 661 F.3d 433, 440 (9th Cir. 2011) (citing Robinson v. York, 566 F.3d 817, 821 (9th Cir. 2009) and Saucier, 533 U.S. at 201). Courts are "permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." Lal v. California, 746 F.3d 1112, 1116 (9th Cir. 2014) (citation omitted), cert. denied, 135 S. Ct. 455 (2014).

////

VII. Discussion

As argued by defendants, plaintiff's amended pleading fails to identify the underlying claim or claims that plaintiff contends were nonfrivolous. Rather, plaintiff generally refers to his planned filing of a petition for writ of habeas corpus, first in the California Supreme Court, and then in the United States District Court, without specifically identifying any underlying claim contained therein. While plaintiff has demonstrated that he was denied photocopies on multiple occasions, he fails to demonstrate that any of the underlying claims he was allegedly prevented from pursuing were nonfrivolous. In order to demonstrate standing to bring his access to the court claim, plaintiff must tie defendants' alleged failure to provide the photocopies to a lost, nonfrivolous legal claim. See Lewis, 518 U.S. at 356; Sakai, 48 F.3d at 1091. Thus, defendants' motion to dismiss should be granted. Ordinarily, the court would grant plaintiff leave to amend so that he could identify the underlying claims he alleges are nonfrivolous.

However, the judicially-noticed court filings set forth above confirm that plaintiff cannot demonstrate a causal nexus between defendants' acts or omissions in failing to provide plaintiff with photocopies and the lost "capability" of pressing his petition for writ of habeas corpus. Lewis, 518 U.S. at 356; Harbury, 536 U.S. at 415. Rather, the Central District order explained, *inter alia*, that plaintiff was not required to file a 577-page petition, or to submit exhibits with his lengthy petition. (ECF No. 52-2 at 136.) Rather, "[a] federal petition need only state the grounds for relief, the essential facts supporting each ground, and the relief requested." (Id.) The Central District court stated that even though plaintiff raised 20 grounds in his petition, he could have adequately pled such grounds in 50 pages or less. (Id.) Thus, the failure of defendants to provide him photocopies did not prevent plaintiff from earlier filing a habeas petition raising his habeas petition without the exhibits. Because plaintiff cannot demonstrate that the acts or omissions of defendants were the cause of plaintiff's late filing, defendants are entitled to dismissal of this action. See Wolinski v. Colvin, 2018 WL 1156665, at *5 (N.D. Cal. Mar. 5, 2018) (The one case identified as having been affected by defendants' alleged wrongful conduct was not lost due to the absence of pleading paper, and prisoner otherwise failed to allege a plausible claim that such case was lost due to a denial of law library access).

8

Moreover, because defendants did not violate plaintiff's constitutional rights, defendants are also entitled to qualified immunity. See Phillips v. Hust, 588 F.3d 652, 656-57 (9th Cir. 2009) (prison librarian entitled to qualified immunity from prisoner suit alleging denial of right to access to courts based on allegation that librarian denied prisoner use of comb-binding machine; it was objectively legally reasonable for librarian to conclude that denying prisoner access to comb-binding machine would not hinder his ability to file his petition for certiorari, especially in light of Supreme Court's flexible rules for pro se pleadings).

VIII. Conclusion

In accordance with the above, IT IS HEREBY ORDERED that defendants' request to take judicial notice (ECF No. 52-2) is granted; and

Further, IT IS RECOMMENDED that:

1. Defendants' motion to dismiss (ECF No. 52) be granted; and

2. This action be dismissed with prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, petitioner any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: September 5, 2018

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

good2580.mtd.12b6